IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DARREN SCOTT** **PETITIONER**

v. No. 4:18-cr-101-MPM

**USA** **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Darren Scott to vacate, set aside, or correct his sentence under 28 U.S.C.A. §2255. The government has responded to the motion, the petitioner has replied, and the matter is ripe for resolution.

**Facts and Procedural Posture**

Petitioner Scott was indicted on several charges of federal drug and firearm violations. ECF doc. 1. Scott pleaded guilty to Count I (conspiracy to possess firearms in furtherance of drug trafficking in violation of 18 U.S.C. §§924(o) and (c)(1)(A)), Count X (distribution of marijuana in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(D)), and Count XI (possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)). ECF doc. 109. During his plea hearing, Scott stated he understood that, pursuant to the plea, he was waiving his right to file an appeal or §2255 petition, other than claims alleging prosecutorial misconduct or ineffective assistance of counsel, and that he understood the plea agreement. *Id* at 11-12. As a result of this plea, the charges in Counts II, XVI, and XVII, were dropped. ECF doc. 226. Scott was sentenced to serve one hundred fifty (150) months on Count I; sixty (60) months on Count X, to be served concurrently to the sentence in Count I; and sixty (60) months on Count XI, to be served consecutively to the sentences in Counts I and X. Scott appealed his plea and sentence. The Government moved to dismiss the appeal for lack of jurisdiction because, as part

of his plea agreement, Scott had knowingly and voluntarily waived his right to appeal. The Fifth Circuit granted the Government's motion and dismissed Scott's appeal for lack of jurisdiction. ECF doc. 240. Thereafter, Scott filed the instant motion to vacate his plea and sentence pursuant to 28 U.S.C.A. §2255.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. §2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under §2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151. Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

> **I.  Scott knowingly and voluntarily waived his right to collaterally attack his sentence.**

In *U.S. v Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994), the Fifth Circuit recognized that "an informed and voluntary waiver of post-conviction relief is effective to bar" a petition under §2255. During Scott's plea hearing, the Government fully outlined the plea agreement. ECF doc. 109 at 9-10. The Government specifically stated that, in addition to his right to appeal, "[t]he defendant has also waived his rights under Title 28, United States Code, Section 2255," with the limited exceptions of claims of ineffective assistance of counsel and prosecutorial misconduct.

2

*Id*. The Court asked Scott whether the Government had accurately summarized the plea agreement as he understood it, and Scott affirmed that they did. *Id*. at 12. Scott's defense attorney then stated that Scott had "waived his right to appeal under grounds; but he reserves the right to file a 2255 based on prosecutorial misconduct or [ineffective assistance of counsel]," the same exceptions to the waiver described by the Government. *Id*. Scott again affirmed that he understood this. *Id*. at 14. In *Wilkes*, the Fifth Circuit held that "[s]olemn declarations in open court carry a strong presumption of verity." *Wilkes,* 20 F.3d. at 653, (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)).

In his petition, Scott does not appear to argue that his waiver was unknowing or involuntary, an argument which would be in direct contrast to his sworn testimony. Instead, Scott claims the fact he filed a notice of appeal, in violation of his plea agreement, somehow nullified the waiver. This claim lacks merit, which is highlighted by the fact the Fifth Circuit dismissed that appeal for lack of jurisdiction based on the waiver. Scott also alleges that the court did not fully explain to him that the waiver would apply to a collateral attack under §2255. This claim is contrary to the record and fails to overcome the knowing and voluntary waiver. Therefore, Scott's petition is procedurally barred and should be dismissed. Regardless of this bar, as discussed below, Scott's allegations also lack merit.

## II. *U.S. v. Davis is not applicable to Scott's case.*

In his petition, Scott alleges that his plea and sentence are unconstitutional under the recent *Davis* decision. In *U.S. v Davis*, 139 S.Ct. 2319 (2019), held that the "residual clause" of 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence, is unconstitutionally vague. However, Scott pleaded guilty to and was sentenced for a violation of §924(c)(1)(a), which provides in pertinent part that a criminal defendant shall have an enhanced sentence if they

3

"during in and relation to any crime of violence or drug trafficking crime … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm…." In Scott's case, his offenses were all drug trafficking crimes rather than crimes of violence. As such, the invalidation of §924(c)(3)(B) has no effect on Scott's guilty plea and sentence. Therefore, even assuming *arguendo* Scott's §2255 petition was not procedurally barred, it also lacks merit.

## Conclusion

As discussed above, Scott's petition is barred and his claims lack merit. Therefore, the instant motion to vacate, set aside, or correct Darren Scott's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 7th day of August, 2020.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI